[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Stephen Sekula appeals a decision of the defendant Teachers' Retirement Board (Board) which denied his request to purchase certain retirement credits while he was suspended from his duties as a teacher. The appeal is taken pursuant to General Statutes 4-183. The court finds the CT Page 4099 issues in favor of the defendant Board.
The essential facts of the case are not in dispute. The record reveals that the plaintiff was employed as a teacher in the Madison school system. Some time prior to January 1991, he was accused of misappropriating some computer equipment belonging to the town. As a consequence, the superintendent of schools requested the Madison Board of Education to consider terminating the plaintiff's contract of employment. Following some negotiations, the Board of Education and the plaintiff entered into a "Settlement Agreement." In pertinent part, that agreement provides as follows:
 Mr. Sekula has expressed deep regret about the above-referenced computer/electronics situation and expressed a sincere desire to continue his employment with the Madison School system, and has offered to accept the discipline set forth below in lieu of the Board proceeding further on the motion to consider termination of his contract of employment.
 NOW, THEREFORE, the parties agree as follows:
 (1) Mr. Sekula will accept a disciplinary suspension without pay or any benefits, effective January 22, 1991, and continuing for the remainder of the 1990-91 work years.
 (2) Mr. Sekula may continue his medical, dental and life insurance benefits at his own cost by paying the group monthly premium to the Board . . .
 (8) Mr. Sekula agrees that he shall receive no seniority or service credit for his employment with the Madison Board of Education during the 1990-91 school year . . . .
Following his suspension under the terms of the agreement, the plaintiff attempted to make contributions to the Teachers' Retirement System, claiming that he was on a "formal leave of absence" as provided in General Statutes10-183e and 10-183b. The administrator of the System refused to accept the contributions. As a result, the plaintiff claims that he has wrongfully been deprived of retirement credits under the law. The court concludes that the CT Page 4100 plaintiff is aggrieved in accordance with the rule set forth in Light Rigging Co., v. DPUC, 219 Conn. 168, 173 (1991).
General Statutes 10-183e(b)(8) includes in the definition of "credited service," for purposes of the Teachers' Retirement System, "[a]ny formal leave of absence as provided in regulations adopted by the board . . ." A "formal leave of absence" is defined in 10-183b(15) as "any absence from active service in the public schools of Connecticut formally granted by a member's employer as evidenced by contemporary records of the employer . . ." The Board's regulations contain similar provisions. Regulations of Connecticut State Agencies 10-183-21. The Board determined, after a hearing, that the plaintiff's disciplinary suspension in this case was not a formal leave of absence and, therefore, did not qualify as "credited service" in the retirement system. It is this determination which the plaintiff contests in this appeal.
"Judicial review of conclusions of law reached administratively is . . . limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, 219 Conn. 51, 57-58 (1991). Furthermore, "it is the court's practice to accord great deference to the construction given a statute by the agency charged with its construction." Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489, 496 (1986). Unless the court finds that the agency's decision violates the law or is arbitrary or is in abuse of its discretion, the court must affirm the agency's decision. General Statutes 4-183(j).
The court has carefully examined the whole record in this case, particularly the Settlement Agreement and other evidence showing the circumstances under which it was executed. Based on the evidence in the record and the applicable law and regulations, the court cannot conclude that the Board acted arbitrarily or in abuse of its discretion in determining that the plaintiff's disciplinary suspension did not constitute a "formal leave of absence" within the meaning of the teachers' retirement statutes.
Accordingly, the court affirms the Board's decision.
The appeal is dismissed.
MALONEY, J. CT Page 4101